IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

THOMAS A. OSTRANDER                          6:11-CV-06213-MA

        Plaintiff,                         OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.

DAVID W. HITTLE
388 State St., Suite 810
Salem, OR 97301
(503) 371-3844

      Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

KATHY REIF
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA 98104-7075
(206) 615-3851

    Attorneys for Defendant

MARSH, Judge.

    Plaintiff Thomas Ostrander seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).

    Plaintiff claims he has been disabled since January 1, 1991, because of Attention Deficit Hyperactivity Disorder (ADHD), poor vision in his left eye, and bad knees. His claim was denied initially and on reconsideration.

    On August 3, 2010, the Administrative Law Judge (ALJ) held an administrative hearing at which plaintiff and a vocational expert testified.

    On August 6, 2010, the ALJ issued a Decision finding plaintiff has a severe learning disorder but is not disabled because he is able to perform jobs involving unskilled work.

    On June 10, 2011, the Appeals Council denied plaintiff's request for review. The ALJ's decision, therefore, is the Commissioner's final decision for purposes of judicial review.

2 - OPINION AND ORDER

Plaintiff seeks an Order reversing the Commissioner's final decision and awarding plaintiff benefits.  In the alternative, plaintiff seeks an Order remanding this matter for further proceedings.

For the reasons that follow, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this action with prejudice.

### THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  Bowen v. Yuckert, 482 U.S.137, 140 (1987).  See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

At Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since he applied for SSI on January 9, 2008.

At Step Two, the ALJ found plaintiff has a severe learning disorder under 20 C.F.R. § 416.920(c), which significantly limits his ability to do basic work activities.

At Step Three, the ALJ found plaintiff's impairment does not meet or equal any listed impairment.  He has the residual functional capacity (RFC) to perform a full range of work at all exertional levels which is limited to repetitive tasks involving

3 - OPINION AND ORDER

simple instructions, and is consistent with unskilled work that does not require more than occasional contact the general public. Plaintiff would require verbal instruction.  Written instructions would need to be read aloud to him.

At Step Four, the ALJ found that plaintiff has no past relevant work.

At Step Five, the ALJ found plaintiff is able to perform jobs that rely on demonstration and verbal direction rather than written instructions, such as a sweeper/cleaner and hand packager (medium/unskilled) and small product assembler (light/unskilled).

Accordingly, the ALJ found plaintiff is not disabled and, therefore, is not entitled to SSI.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).

The court must affirm the Commissioner's decision if the ALJ applied proper legal standards and made findings supported by substantial evidence in the entire record.  42 U.S.C. § 405(g).

"Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## DISCUSSION

Plaintiff asserts the ALJ erred in finding plaintiff has a high school education, completed his GED, and is able to communicate effectively in English.  Plaintiff also asserts the ALJ improperly ignored evidence presented by Jayne Teel, one of plaintiff's teachers.

**1.**    **Plaintiff's Testimony**.

On the date of the administrative hearing, plaintiff was 20 years old.  He is 6'5" tall and weighs 380 lbs.  He alleges he is unable to perform simple, routine work on a sustained basis primarily because of organic mental issues adversely impacting his intellectual functioning, and secondarily, because he suffers from Osgood Schlatter's Disease, which causes knee pain.

Plaintiff lives with his mother.  He attended special education classes throughout high school and received a modified diploma.  He has difficulty reading words longer than six letters and his writing is poor.  Plaintiff asserts he had difficulty doing homework throughout high school because he did not have a teacher to guide him.  He reads at first grade level and has second grade level arithmetic skills.  He has difficulty completing tasks in a timely manner.

Plaintiff has been prescribed Adderall for Attention Deficit Disorder.  It made him sleepy.

When he was younger, plaintiff had a short temper and became angry if others picked on him.  He got along with some teachers but others thought he was not doing school work the way he should and he was too easily distracted.  He got upset when teachers treated him as if he was a two-year-old.  When he was frustrated, plaintiff would just stop doing what he was supposed to do.

Plaintiff has two or three friends and some acquaintances at church.  He played basketball at his church in 10th and 11th grade and then aged out of the program.

Plaintiff has a drivers license.  He was able to pass the written portion of the test with the help of his teachers after three tries.  He drives his father around but needs a map for directions because he cannot read road signs.  He has only peripheral vision in his left eye.

Plaintiff has never held a wage-earning job and believes he is not capable of working full-time because he lacks reading skills and is unable to do what he's told to do, and because of knee problems.

Plaintiff has several friends with whom he watches movies and television, and he plays basketball.

2.    **Vocational Expert**.

A vocational expert testified that a person who has a modified high school diploma, no work history, no exertional limitations or physical restrictions, but who should not have

concentrated exposure to hazards because of eyesight problems,
and is limited to unskilled work performing routine repetitive
tasks with simple verbal instructions accompanied by explanation
of written material, and only occasional public interaction,
would be able to perform the jobs of industrial sweeper/cleaner,
hand-packager, and small products assembler.  Such a person would
not be able to perform those jobs if he was unable to perform
assigned tasks one-third of the time because of difficulty
sustaining attention and pace on a regular, daily basis, and/or
because his work would need to be monitored by a supervisor at
least one-third of the time, and/or because he would miss work
more than two days each month.

3.    **Jayne Teel - High School Teacher**.

      Ms. Teel was one of plaintiff's high school teachers for
two and one-half years as well as his LRC case manager.  In
January 2008, when plaintiff was in 12th grade, she noted he was
a beginning reader with first grade written language skills and
second grade math skills.  His attendance was "terrible."  He had
"very serious" problems on an hourly basis, <u>inter alia</u>, paying
attention, carrying out simple and more complex instructions,
completing homework, being a distraction, playing cooperatively
with other children, following rules, obeying adult authority
figures, and conversing appropriately with others.  He was
"unable to read and [was] very unmotivated."

8 - OPINION AND ORDER

Ms. Teel was not sure whether plaintiff's problems were "by choice or by actual disability."   Plaintiff's grade slips reflect his high school grade point average for the four semesters from 9th grade in 2005 to 11th grade in 2007 was 1.78.

**4.    Robert A. Kruger, Ph.D. - Psychologist.**

In January 2004, Dr. Kruger examined plaintiff on behalf of the Commissioner.  At the time, plaintiff was almost 14 years old.  On IQ testing, plaintiff "maximized his performance and was truthful in his responses."  His verbal score was 74, placing him in the 4th percentile (borderline range), his performance score was 96, placing him in the 39th percentile (average range), and his full scale score was 83, placing him in the 13th percentile (borderline range).  On WRAT-111 testing Plaintiff has 2nd grade reading and spelling abilities and 3rd grade arithmetic ability. Dr. Kruger diagnosed plaintiff as having a reading disorder and a GAF score of 70 (some difficulty in social and occupational or school functioning).

In January 2008, Dr. Kruger re-tested plaintiff's reading and arithmetic abilities, and opined plaintiff still had 2nd grade reading and 3rd grade arithmetic ability, placing him the <1st percentile.  Dr. Kruger noted plaintiff was pleasant, mild-mannered and "seemingly provid[ed] his optimum performance."  His "overall attention ability and capability of sustaining his

attention on brief, basic, routine, repetitive tasks" was "fair," and he "would be able to complete those tasks adequately within an appropriate period of time."  Dr. Kruger diagnosed Learning Disorder NOS with limited reading abilities.

5.   **Kurt Brewster, M.D. - Internal Medicine**.

In March 2008, Dr. Brewster examined plaintiff on behalf of the Commissioner in regard to plaintiff's poor vision in his left eye and bad knees.  Plaintiff was cooperative and his effort was satisfactory.  Dr. Brewster opined plaintiff's knee pain was consistent with classic "growth spurt and organized sports" and "would respond to conservative measures."  Plaintiff's left eye, however, has "potential for some visual deficits."

Dr. Brewster opined plaintiff was capable of walking and standing for 6 hours in an 8-hour workday, with 15 minute breaks every two hours, and he may have occasional height restrictions.

6.   **Martin Kehrli, M.D. - Internal Medicine**.
     **Sharon Eder, M.D. - Internal Medicine**.

Dr. Kehrli and Dr. Eder reviewed plaintiff's medical records and concluded plaintiff has non-severe physical impairments, primarily pertaining to his vision.

7.   **Dorothy Anderson, Ph.D. - Psychologist**.
     **Robert Henry, Ph.D. - Psychologist**.

Dr. Anderson reviewed plaintiff's medical records and opined plaintiff has a learning disorder and is moderately limited in

his ability to understand, remember, and carry out detailed
instructions, to maintain attention and concentration for
extended periods, and to interact appropriately with the general
public.  As such, plaintiff has mild restrictions in activities
of daily living and maintaining social functioning, and moderate
difficulties in maintaining concentration, persistence, or pace,

Dr. Henry concurred in Dr. Anderson's opinion.

## ANALYSIS

1.    **Plaintiff's Education Level**.

Plaintiff argues the ALJ erred in finding plaintiff has a
high school education and completed his GED.  In support of this
argument, plaintiff notes that he tests out at a 2nd or 3rd grade
level regarding his reading and arithmetic skills.  The court
disagrees.

The record indisputably supports the ALJ's finding that
plaintiff "has a high school education" and that he participated
"in special education classes throughout high school."  That
finding is supported by plaintiff's high school transcripts, and
the evidence provided by his high school teacher, Jayne Teel.
Moreover, there is no dispute that plaintiff was also awarded a
GED.  The issue, however, is not whether he achieved those
milestones, but whether the evidence as a whole reflects he is
incapable of substantial gainful activity despite doing so.

11 - OPINION AND ORDER

2.    **Plaintiff's Ability to Communicate in English**.

Plaintiff argues the ALJ erred in finding plaintiff is able
to communicate in English.  The court disagrees.  The transcript
of the hearing reflects plaintiff understood the questions asked
of him by the ALJ and responded to them appropriately.  While
there is no doubt plaintiff's skills in reading and writing
English is at a low grade level, the vocational expert opined
that plaintiff would still be able to perform the jobs of
industrial sweeper/cleaner, hand-packager, and small products
assembler.  Plaintiff has not presented any evidence to the
contrary.

3.  **Evidence of Plaintiff's Teacher**.

Plaintiff argues the ALJ failed to consider the evidence
presented by plaintiff's teacher, Jayne Teel, that plaintiff had
difficulty paying attention, carrying out simple and more complex
instructions, completing his homework, and being a distraction.
In addition, his attendance was "terrible."

The court concludes plaintiff's characterization of his
difficulties during high school is fair, but the court notes  Ms.
Teel also stated she was not sure whether plaintiff's problems
were "by choice or by actual disability."

On this record, the court concludes there is substantial
evidence to support the ALJ's findings, and the Commissioner's
final decision, that plaintiff has the intellectual capacity to

12 - OPINION AND ORDER

engage in substantial gainful activity that involves repetitive tasks, with simple verbal instructions, and only occasional contact the general public.  The court also concludes the record regarding plaintiff's ability to play basketball through high school belies his claim that he has a knee impairment that would preclude him from performing jobs such as industrial sweeper/ cleaner, hand-packager, and small products assembler.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this action with prejudice.

IT IS SO ORDERED.

DATED this 26 day of April, 2012.

*Malcolm F. Marsh*

MALCOLM F. MARSH
United States District Judge

13 - OPINION AND ORDER